**UNITED STATES of America,**
**Appellee,**

v.

**Randy MEDRANO, Defendant–**
**Appellant.**

**No. 04–2038–CR.**

United States Court of Appeals,
Second Circuit.

April 28, 2005.

Roy R. Kulcsar, New York, NY., for Appellant.

Bret R. Williams, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Katherine Polk Failla, Assistant United States Attorney,) New York, NY., for Appellee, of counsel.

Present: NEWMAN, MCLAUGHLIN, and HALL, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED** and **REMANDED.**

Defendant–Appellant Randy Medrano appeals from judgment of conviction entered on April 16, 2004 in the United States District Court for the Southern District of New York (John E. Sprizzo, *Judge*). Medrano pled guilty to drug-related offenses and moved at sentencing for a downward departure based on extraordinary family circumstances, which the district court denied. We assume familiarity with the facts and proceedings below. We affirm and remand.

On appeal, Medrano argues that the district court misapprehended its authority to depart downward. We disagree. Absent "clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority," *United States v. Brown,* 98 F.3d 690, 694 (2d Cir.1996), we will not depart from the "strong presumption" that a sentencing judge fully understands his authority. *Id.* There is no such evidence of a substantial risk here. The sentencing transcript reveals that the district court was familiar with Circuit precedent on departures based on family circumstances and concluded that the facts of this case did not suffice for such a Guidelines departure.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED** and **REMANDED** for reconsideration and further proceedings in light of *United States v. Crosby,* 397 F.3d 103, 119–20 (2d Cir.2005).